**In re GREATER JACKSONVILLE TRANSPORTATION COMPANY,**
Debtor.

**GREATER JACKSONVILLE TRANSPORTATION COMPANY,**
Plaintiff,

v.

Evelyn **WILLIS,** Defendant.

Bankruptcy No. 93–7744–8P1.
Adv. No. 93–843.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

June 27, 1994.

Mark D. Hildreth, Sarasota, FL, for Greater Jacksonville Transp. Co., debtor and plaintiff.

Ginnie Van Kesteren, St. Petersburg, FL, for Evelyn Willis, defendant.

Sara Kistler, Asst. U.S. Trustee.

## ORDER ON CROSS–MOTIONS FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

This is a second attempt by Greater Jacksonville Transportation Company (Debtor-in-Possession) to reorganize its affairs under Chapter 11 of the Bankruptcy Code. The first Petition for Relief was filed on August 1, 1989. The Debtor-in-Possession filed its Plan of Reorganization and its Disclosure Statement on April 6, 1990. The Disclosure Statement was approved on July 26, 1990 and the hearing on confirmation was set for September 10, 1990. On September 20, 1990 this Court entered an order and confirmed the Debtor-in-Possession's Plan of Reorganization. The Order of Confirmation retained jurisdiction to reconsider any possible post-confirmation modification of the confirmed Plan pursuant to § 1127(b) of the Bankruptcy Code. Although there were numerous contested matters presented for this Court's consideration post-confirmation, the Debtor-in-Possession did not seek a modification of the confirmed plan.

On October 21, 1992, the Debtor-in-Possession filed a Certificate of Substantial Consummation of the Confirmed Plan and a Final Report and Accounting. On December 29, 1992, the Debtor-in-Possession filed an Application for Entry of a Final Decree. There were several Objections to the Entry of a Final Decree. On January 24, 1993, this Court entered an Order and overruled all the Objections and on January 26, 1993, entered the Final Decree formally closing the Chapter 11 case of the Debtor-in-Possession.

## SECOND CHAPTER 11— OR CHAPTER 22

The second Petition for Relief by this Debtor-in-Possession was filed on July 19, 1993, or before the entry of the Final Decree in the first Chapter 11 case—but after the Debtor-in-Possession filed its Certificate of Substantial Consummation on October 21, 1992, its Final Report and Accounting and after the Debtor-in-Possession filed its Application for Entry of a Final Decree on December 29, 1992. However, it is without dispute that, as noted earlier, the Final Decree formally closing the first Chapter 11 case was not entered until January 26, 1994, or after commencement of the second Chapter 11 case filed on July 19, 1993.

The matters under consideration are cross-Motions for Summary Judgment filed by the Debtor-in-Possession who challenges the secured claim of Evelyn Willis (Willis), and filed by Willis, contending that based on the record of both the first and the second Chapter 11 case, there are no genuine issues of material fact, and both are entitled to judgment in its favor as a matter of law. In support of its Motion the Debtor-in-Possession contends that Willis lost her original secured status because while the security interest was properly perfected originally, it lapsed when no UCC–3 Continuation Statement was filed prior to the expiration time fixed by Florida Statute § 679.402(2), thus the claim can only be allowed as a general unsecured claim. The controlling facts are indeed without dispute and can be summarized as follows:

In 1986, Debtor purchased certain assets from Bold City Transportation Company, Inc. (Bold City). The assets consisted of the following:

30 active taxi permits and 27 inactive permits issued by City of Jacksonville under the names "Yellow Cab," New Deal, Safety Cabs and exclusive sue of such names and telephone numbers 354–5511, 354–4700, 354–7821, 355–1653, 354–2260, and 354–6294, and 29 taxi meters, top lights, automotive parts and supplies, shop equipment.

In connection with its purchase of the assets described above, the Debtor executed a promissory note in favor of Bold City in the principal amount of $304,175.00. As security for the note, the Debtor also executed a Security Agreement granting a security interest to Bold City in the assets described

above. In order to perfect its security interest, Bold City filed a UCC–1 Financing Statement with the Florida Secretary of State on July 17, 1986. The financing statement was assigned File No. 1860104200. Sometime later Bold City assigned the Promissory Note and Security Agreement to Willis. It is without dispute that Willis has never filed a UCC–3 Continuation Statement with the Florida Secretary of State in order to preserve the security interest originally perfected by Bold City in 1986.

These are the basic undisputed facts which, according to the Debtor-in-Possession and Willis, warrants granting the relief each seeks in its respective Motion for Summary Judgment.

■ Section 1107 of the Code empowers the Debtor-in-Possession in a Chapter 11 case with the rights and powers of a Trustee with some exceptions not relevant here, including the special voiding power commonly referred to as the strong-arm clause set forth in § 544 of the Code. Pursuant to subclause (a)(1) of this Section, the Trustee is armed with the power of an ideal, albeit non-existent, judgment lien creditor whose position is superior to all claims to a specific property which are unperfected under the local law and which could be defeated by a creditor who obtained a judgment or a lien on the property involved under the applicable local law. In the present instance, it is without dispute that the original security interest granted was properly perfected by filing a UCC–1 Financial Statement in the office of the Secretary of State of Florida. However, it is equally without dispute that Ms. Willis did not file a UCC–3 Continuation Statement prior to the expiration of the five year period which ended July 17, 1991.

Based on this undisputed fact, it is the Debtor's contention that based on *Fla.Stat.* § 679.402(2), the security interest while validly created and perfected, the perfection lapsed and, therefore, is no longer valid and enforceable against a judgment lien creditor and, in turn, against the Debtor-in-Possession, based on § 544 of the Code. The validity of the security interest claimed by Willis depends on the proper interpretation of § 679.403(2) which provides that:

Except as provided in subsection (6), a filed financing statement is effective for a period of 5 years from the date of filing. The effectiveness of a filed financing statement lapses on the expiration of the 5–year period, unless a continuation statement is filed prior to the lapse. If a security interest perfected by filing exists at the time insolvency proceedings are commenced by or against the debtor, the security interest remains perfected until termination of the insolvency proceedings and thereafter for a period of 60 days or until expiration of the 5 year period, whichever occurs later. Upon lapse, the security interest becomes unperfected unless it is perfected without filing. If the security interest become unperfected upon lapse, it is deemed to have been unperfected as against a person who became a purchaser or lien creditor before lapse.

In opposition to the Trustee's position Ms. Willis contends, however, that this very same Statute tolls the time to perfect a security interest which otherwise would expire if a security interest was perfected at the time an "insolvency proceeding" was commenced by or against the Debtor and the security interest remains perfected until "termination of the insolvency proceeding" and thereafter for a period of 60 days. Thus, the only dispute between the parties is a legal dispute and requires a resolution by this court as to the date when the Debtor's prior Chapter 11 case was terminated.

One cannot find a satisfactory resolution of this dispute without considering certain controlling provisions of the Bankruptcy Code, especially § 1141. This Section entitled Effect of Confirmation in subclause (b) provides that

(b) Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor.

(c) Except as provided in subsections (d)(2) and (d)(3) of this section and except as otherwise provided in the plan or in the order confirming the plan, after confirmation of a plan, the property dealt with by the plan is free and clear of all claims and

interests of creditors, equity security holders, and of general partners in the debtor.

(d)(1) Except as otherwise provided in this subsection, in the plan, or in the order confirming the plan, the confirmation of a plan

(A) discharges the debtor from any debt that arose before the date of such confirmation, and any debt of a kind specified in section 502(g), 502(h) or 502(i) of this title, whether or not

■ This Section further provides that the property dealt with in a confirmed plan is free and clear of any liens and subject only to rights created by the confirmed plan and most importantly also provides that the Order of Confirmation operates as a discharge of all debts of a Debtor which arose before the date of confirmation. It also should be noted in this connection that the effective date or the consummation date of the plan may operate as a termination of a Chapter 11 case but only if provided for in the confirmed plan. Article 1.11 of the confirmed plan in the prior Chapter 11 case provided as follows:

*"Effective Date."* For purposes of all determinations to be made pursuant to the code in respect of the plan or reorganization or any claims or Interests, the "Effective Date" of the plan shall be the date that the order of confirmation is entered and has become a final non-appealable order as defined in paragraph 1.14.

Sub–Chapter III of Chapter 11 entitled Post-confirmation Matters is silent as to when the confirmed Chapter 11 case is terminated. The Federal Rules of Bankruptcy Procedure (F.R.B.P.) equally fails to furnish any guidance as to when a Chapter 11 case is terminated. There are only two Rules which deal with post-confirmation matters. F.R.B.P. 3021 merely directs a distribution under the confirmed plan, and F.R.B.P. 3022 provides that when the estate is fully administered the Court shall enter a final decree closing the case.

■ Even a cursory reading of this last Rule leaves no doubt that the entry of a final decree is merely a perfunctory, administrative event and nothing more than a ministerial housekeeping act which was never designed to determine with finality the substantive rights of parties of interest involved in a Chapter 11 case. This should be evident from the fact that the final decree is entered without notice and hearing to anyone and could be entered even on the Court's own motion.

■ It should be apparent from the foregoing that there is nothing in the Code or in the Rules which specifically deals with the question of "termination." Nevertheless one thing is clear, the question of when a Chapter 11 case is terminated is not controlled by local law, but must be determined with reference to the overall scheme of the reorganization process set forth in Chapter 11 of the Bankruptcy Code. The 3rd Circuit considered the identical question in *General Electric Credit Corporation v. Nardulli*, 836 F.2d 184 (3rd Cir.1988) and held that

Insolvency proceedings terminate upon confirmation of a plan or reorganization or on the effective date or consummation date of the plan, if provided for in the plan. *Id.*, at 190.

Having concluded that the first Chapter 11 case of this Debtor terminated on September 20, 1990, the security interest granted originally and now claimed by Ms. Willis is no longer perfected because her perfection lapsed due to her failure to file a UCC–3 Continuation Statement in the office of the Secretary of State of Florida.

Based on the undisputed facts this Court is satisfied that the Motion for Summary Judgment filed by the Debtor is well taken and the Debtor is entitled to a Final Judgment in its favor as a matter of law based on § 544(a) of the Bankruptcy Code.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment filed by Evelyn Willis is hereby denied. It is further

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment filed by the Debtor-in-Possession is hereby granted and a separate Final Judg-

ment will be entered in accordance with the foregoing.